**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERAMIE RANGEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1206-CR-308 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-0809-FC-165

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jeramie Rangel appeals his sentence following his conviction for nonsupport of a dependent child as a class C felony.[1]  Rangel raises one issue, which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.  We affirm.

The relevant facts follow.  In July 1996, Rangel and Jennifer Cook had a child, and in February 1997, Rangel was ordered to make weekly child support payments of $105.  Between February 1997 and September 2008, Rangel failed to make many of the ordered payments and accrued an arrearage of $16,676.90.

On September 19, 2008, the State charged Rangel with nonsupport of a dependent child as a class C felony.  On April 11, 2011, Rangel and the State entered into a plea agreement pursuant to which the parties agreed that Rangel would plead guilty as charged, that Rangel's sentence, if the agreement was accepted, would be six years, that the executed portion of the six-year sentence would be left to the trial court's discretion, that any suspended portion of the sentence would be served on formal, supervised probation, and that as a condition of any probation Rangel would make continuing, regular support and arrearage payments as restitution.  That day, the court accepted the plea agreement and Rangel pled guilty as charged.

On July 11, 2011, the court held a sentencing hearing, at which Rangel did not appear but was represented by counsel.  Cook testified as to Rangel's failure to pay support as ordered, her numerous attempts to obtain support from him, and the fact that Rangel had "been in and out of jail for it, and regardless he doesn't pay."  Transcript at

---

[1] We remind counsel that Ind. Appellate Rule 46(A)(10) provides in part that "[w]hen sentence is at issue in a criminal appeal, the brief shall contain a copy of the sentencing order."

19. Cook indicated that income withholding orders had been entered in civil proceedings against Rangel with respect to ten of his employers in an attempt to collect support. The prosecutor argued that the court should impose an executed six-year sentence, and Rangel's counsel argued that the court should impose an entirely suspended sentence. The court found no significant mitigating circumstances, that Rangel's extensive criminal history and the fact he was on probation at the time he committed the offense were significant aggravating circumstances, and that the aggravating circumstances outweighed the mitigating circumstances. The court sentenced Rangel to six years with four years executed at the Indiana Department of Correction and two years suspended to formal, supervised probation. The court ordered Rangel to make weekly support payments of $125 as a condition of his probation.

The issue is whether Rangel's sentence is inappropriate. Ind. Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Rangel contends that his sentence is inappropriate under Ind. Appellate Rule 7(B). Rangel argues that, while he was absent from his sentencing hearing and while he acknowledges that he has a criminal history composed of eight misdemeanors, he scored at a low risk to re-offend as disclosed in the results of his Indiana Risk Assessment Score, that he "expressed a willingness in his [Presentence Investigation Report ("PSI")]

Interview to 'make this right,'" that he "expressed in his PSI interview that he loved and missed his son," and that the probation officer who interviewed Rangel for his PSI recommended that he receive an entirely suspended sentence. Appellant's Brief at 5. Rangel argues that "[t]he portrait of [him] as presented to the trial court at sentencing does not reveal the character of a hardened offender, and does not indicate that [he] was indifferent towards the welfare of his son" and that his sentence is inappropriate based upon his character and the nature of the offense. Id.

The State argues that Rangel knowingly and intentionally failed to make the majority of his support payments over several years, that "[c]itations and admissions to jail for his failure to meet his child support obligations were, almost entirely ineffective," that Rangel had amassed an arrearage in the amount of $16,679.90, that "[t]he nature of [Rangel's] crime deliberately deprived his child of needed support," and that "[t]he fact that his crime extended over eleven and a half years exacerbates its seriousness and supports the sentence imposed by the trial court." Appellee's Brief at 6. The State further argues that Rangel "enjoyed several opportunities to correct his behavior and resolve his support arrearage when he was found in contempt for failing to make his support payments and was sent to jail," that he failed to take advantage of his opportunities and "continued to deny his legal responsibility until it reached the current state and criminal charges were brought," that Rangel's "poor character is also revealed by his prior criminal history," and that Rangel "had several contacts with the criminal justice system, eight of which resulted in misdemeanor convictions." Id. at 6-7. The State also asserts that several of Rangel's convictions involved alcohol and that "while

[Rangel] could spend his money drinking and getting into trouble, he could not apply it toward supporting and maintaining his child." Id. at 7.

Our review of the nature of the offense reveals that Rangel knowingly and intentionally failed to provide support for his dependent child, accrued an arrearage of $16,676.90, and had been "in and out of jail" for his failure to pay support. Transcript at 19. Our review of the character of the offender reveals that Rangel pled guilty pursuant to a plea agreement which provided that his sentence would be limited to six years and that the executed portion of the six-year sentence would be left to the trial court's discretion. The PSI shows that Rangel was convicted of resisting law enforcement in 1998, driving while intoxicated in 2000, driving while suspended in 2001, driving while intoxicated and resisting law enforcement in 2006, conversion in 2007, and theft in 2010, all as misdemeanor convictions. The PSI also states that courts have "referred [Rangel] to an alcohol/drug program, ordered community service hours, ordered [him] to pay restitution, and suspended [his] driver's license." PSI at 4. The PSI indicates that the results of the Indiana Risk Assessment placed Rangel at a low risk to reoffend and that the results of the Substance Abuse Subtle Screening Inventory indicated that Rangel had a high probability of having substance dependence and recommended that Rangel receive a suspended sentence.

After due consideration, we conclude that Rangel has not sustained his burden of establishing that his sentence of six years, with four years executed and two years suspended to probation, is inappropriate in light of the nature of the offense and his character.

5

For the foregoing reasons, we affirm Rangel's sentence.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.